UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KEITH ERNST,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID FRANCES RAMOS, et al.,<br><br>  Defendants. | No. 2:21-cv-813 JAM AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATION |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's numerous supplements to the complaint (ECF Nos. 9-12, 16, 19-20) and motions for counsel (ECF No. 6) and for a preliminary injunction or temporary restraining order (ECF No. 13).

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declarations that makes the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 2, 5, 15.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

1 | the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
2 | forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments
3 | of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
4 | These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
5 | the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
6 | § 1915(b)(2).

7 |     II.    <u>Supplements to the Complaint</u>

8 |     Plaintiff has filed numerous documents which he identifies as supplements to the
9 | complaint. ECF Nos. 9-12, 16, 19-20. Under Rule 15(d), "the court may, on just terms, permit a
10 | party to serve a supplemental pleading setting out any transaction, occurrence, or event that
11 | happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Although
12 | plaintiff identifies these documents as supplements to the complaint, it appears that they largely
13 | seek to introduce additional facts and claims related to events that occurred prior to the filing of
14 | the complaint. The supplemental pleadings will therefore be construed as motions to amend the
15 | complaint.

16 |     Under Federal Rule of Civil Procedure 15(a), plaintiff may amend the complaint once as a
17 | matter of course within twenty-one days of serving it or within twenty-one days of service of a
18 | responsive pleading. Plaintiff. is therefore within the time for amending the complaint as a matter
19 | of course and does not require leave of the court to amend the complaint. The requests for leave
20 | to amend will therefore be denied as unnecessary. However, plaintiff is advised that if he does
21 | not file an amended complaint within forty-five days of the service of this order, the court will
22 | assume that he is choosing to proceed on the original complaint, which will then be screened in
23 | due course without consideration of the supplemental filings.

24 |     If plaintiff chooses to file an amended complaint, he is advised that his claims must be set
25 | forth in short and plain terms, simply, concisely, and directly, and that a complaint exceeding
26 | twenty-five pages would be highly disfavored because it would be unlikely to meet the short,
27 | plain statement requirement under Federal Rule of Civil Procedure 8.
28 | ////

III.     Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel.  ECF No. 6.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that the issues in the case are complex, his imprisonment greatly limits his ability to litigate, a trial will involve conflicting testimony and a lawyer would be better able to present the evidence, and he has been unable to find an attorney to represent him.  ECF No. 6.  The circumstances plaintiff identifies are common to most inmates and therefore do not establish extraordinary circumstances.  Furthermore, the complaint has yet to be screened, so the court is unable to determine whether plaintiff has any likelihood of success on the merits and any request for counsel based on the need for assistance at trial is premature.  For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel and the motion will be denied.

IV.     Motion for Temporary Restraining Order or Preliminary Injunction

Plaintiff has filed a motion for a temporary restraining order or preliminary injunction in which he requests an order requiring he be provided proper care, a transfer to the California Health Care Facility in Stockton, that all transports be done by SUV rather than van, that he be allowed to communicate with outside specialists via Skype if he is unable to travel outside the

prison due to anxiety attacks, and that there be no restrictions on his receipt of medicine that helps with anxiety. ECF Nos. 13-14.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). Furthermore, mandatory preliminary injunctions like plaintiff seeks, as opposed to those which preserve the *status quo*, are "particularly disfavored" and "the district court should deny such relief unless the facts and law clearly favor the moving party." Stanley v. Univ. of S. Calif., 13 F.3d 1313, 1320 (9th Cir. 1994) (citation and internal quotation marks omitted); Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (plaintiff seeking mandatory injunction "must establish that the law and facts *clearly favor* her position, not simply that she is likely to succeed." (emphasis in original)).

Because the court has not yet screened the complaint and plaintiff has indicated an intention to amend the complaint, plaintiff cannot show that he has a likelihood of success on the merits, much less that the law and facts clearly favor his position. Furthermore, although plaintiff has made allegations that he is suffering as a result of the failure to provide him adequate medical care, he has not provided any evidence that supports these claims aside from his own conclusory statements. Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood

of irreparable harm."). For these reasons, plaintiff's requests for a temporary restraining order or preliminary injunction should be denied.

Plaintiff is advised that a request for a preliminary injunction is also premature insofar as no defendant has been served. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, plaintiff is advised that even if he chooses to file another motion for preliminary injunction, the court is unlikely to take any action until the defendants from whom he seeks relief have been served and had an opportunity to respond to the motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 15) are GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for appointment of counsel (ECF No. 6) is DENIED.

4. Plaintiff's supplemental pleadings (ECF Nos. 9-12, 16, 19-20) are construed as motions for leave to amend and are DENIED as unnecessary. If plaintiff does not file an amended complaint within forty-five days of the service of this order, the court will assume that he is choosing to proceed on the original complaint, which will then be screened in due course without consideration of the supplemental filings.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining order or preliminary injunction (ECF No. 13) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE