1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SCOTT KEITH ERNST,                      No.  2:21-cv-813 DAD AC P

12              Plaintiff,

13        v.                                 ORDER

14   DAVID FRANCES RAMOS, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

18   I.    Procedural History

19        After filing the original complaint, plaintiff proceeded to file numerous documents that he

20   identified as supplements to the complaint.  ECF Nos. 9-12, 16, 19-20.  However, because the

21   additional allegations contained in these documents largely addressed events that occurred prior

22   to the filing of the complaint rather than after filing, the supplements were construed as motions

23   to amend the complaint.  See ECF No. 21 at 2.  Because plaintiff was still within the time for

24   amending the complaint as a matter of course, the motions to amend were denied as unnecessary.

25   Id.  Plaintiff was given an opportunity to file an amended complaint and advised that the amended

26   complaint "must be set forth in short and plain terms, simply, concisely, and directly, and that a

27   complaint exceeding twenty-five pages would be highly disfavored because it would be unlikely

28   to meet the short, plain statement requirement under Federal Rule of Civil Procedure 8."  Id.

1

1    Plaintiff proceeded to file an amended complaint.  ECF No. 24.

2        II.      Statutory Screening of Prisoner Complaints

3            The court is required to screen complaints brought by prisoners seeking relief against "a

4    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

5    The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

6    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

7    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

8            A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

11   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

12   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

13   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

14   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

15   Franklin, 745 F.2d at 1227-28 (citations omitted).

16           "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

17   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

18   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

19   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

20   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

21   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

22   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

23   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

24   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

25   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

26   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

27   cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

28   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

1    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

2    relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

3    Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

4    content that allows the court to draw the reasonable inference that the defendant is liable for the

5    misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

6    standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

7    Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

8    pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

9    Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

10         III.    First Amended Complaint

11         The first amended complaint alleges that plaintiff's Eighth Amendment rights have been

12   violated by the inadequate treatment he has received for an anal fistula and names seven

13   defendants: Ramos, August, Matoala, Sharma, Dayama, Fourtain, and Sloan.  ECF No. 24.

14         "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

15   must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091,

16   1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff

17   to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition

18   could result in further significant injury or the unnecessary and wanton infliction of pain,'" and

19   (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal

20   quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

21         Deliberate indifference is established only where the defendant *subjectively* "knows of and

22   disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057

23   (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate

24   indifference can be established "by showing (a) a purposeful act or failure to respond to a

25   prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d

26   at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high

27   risk of harm that is either known or so obvious that it should be known") is insufficient to

28   ////

3

1   establish an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5
2   (1994) (citations omitted).

3          The allegations contained in the complaint relate almost exclusively to conduct by non-
4   defendants and there are no allegations regarding conduct by August, Matoala, Dayama, or Sloan.
5   ECF No. 24 at 3-22.  Plaintiff therefore fails to state any claims against August, Matoala,
6   Dayama, and Sloan.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability
7   under § 1983 must be based on the personal involvement of the defendant." (citing May v.
8   Enomoto, 633 F.2d 164, 167 (9th Cir. 1980))).

9          With respect to the remaining defendants, the complaint alleges that after an operation at
10  an outside hospital, Sharma discharged plaintiff back to the prison despite plaintiff notifying her
11  that he would not receive adequate care.  ECF No. 24 at 3.  In response to plaintiff's concerns,
12  Sharma assured him that she would write up specific after care instructions, which she did, but
13  failed to specify what procedure plaintiff underwent.  Id.  Although plaintiff alleges that prison
14  staff did not follow the aftercare instructions, there is no indication that they failed to do so
15  because the instructions did not identify the procedure that was performed or that Sharma knew
16  that not including the procedure would result in a lack of care.  Id. at 4.  On a separate occasion,
17  Fountain is alleged to have sent plaintiff to the hospital and ordered antibiotics after examining
18  him and finding an infection.  Id. at 7.  None of these allegations are sufficient to demonstrate that
19  Sharma and Fountain were deliberately indifferent to plaintiff's serious medical need.  Sharma
20  provided detailed aftercare instructions, while Fountain ordered treatment upon finding that
21  plaintiff had an infection, demonstrating that both defendants took steps to treat plaintiff's
22  condition.

23         With respect to Ramos, plaintiff alleges that Ramos examined him and claimed there was
24  no infection, though plaintiff later had to have infected tissue removed from the same location.
25  Id. at 10, 16.  However, he provides no information about how much time elapsed between the
26  exam and the removal, making it unclear the extent of the infection, if any, at the time of the
27  exam.  The allegations are therefore insufficient to show that Ramos was aware of and
28  disregarded an excessive risk to plaintiff's health.

Because it appears that plaintiff may be able to fix the deficiencies in the complaint, he will be given an opportunity to amend.

### IV.     Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint.  If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

The court notes that it appears that plaintiff intended his first amended complaint to be a continuation of his original complaint and supplements.  See, e.g., ECF No. 24 at 3, 5 (starting complaint with Claim 6 and indicating that Claims 6 and 7 are intended to be "continuations" of previous pleadings).  **Plaintiff is informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete.**  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a second amended complaint, his previous complaints and supplements will no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  In other words, **any allegations not contained in the second amended complaint will not be considered.**

////

1    Plaintiff is reminded that his claims must be set forth in short and plain terms, simply,

2 concisely, and directly.  The court (and defendants) should be able to read and understand

3 plaintiff's pleading within minutes.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

4 (pointing out that the form complaint for negligence previously provided in the Federal Rules

5 "can be read in seconds and answered in minutes").  A long, rambling pleading that includes

6 many defendants with unexplained, tenuous, or implausible connection to the alleged

7 constitutional injury will very likely violate Rule 8 and result in delaying the review required by

8 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Federal Rule of Civil

9 Procedure 41 for violation of these instructions.

10    V.    Plain Language Summary of this Order for a Pro Se Litigant

11    Your complaint will not be served because the facts you alleged are not enough to state a

12 claim.  You have not shown that any of the defendants knew of and ignored an excessive risk to

13 your health or safety and you have not identified your serious medical need.  You must also name

14 as defendants the individuals who were responsible for the conduct about which you are

15 complaining.  You may amend your complaint to try to fix these problems.  Be sure to provide

16 facts that show exactly what each defendant did to violate your rights or to cause a violation of

17 your rights.

18    If you choose to file a second amended complaint, it must include all claims you want to

19 bring.  Once an amended complaint is filed, the court will not look at any information in the

20 original complaint or any other prior pleadings.  **Any claims and information not in the second**

21 **amended complaint will not be considered.**

22    In accordance with the above, IT IS HEREBY ORDERED that:

23    1.  Plaintiff's first amended complaint fails to state a claim upon which relief may be

24 granted, see 28 U.S.C. § 1915A, and will not be served.

25    2.  Within thirty days from the date of service of this order, plaintiff may file a second

26 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

27 of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the

28 docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to

file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: November 7, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE