UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KEITH ERNST,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID FRANCES RAMOS, et al.,<br><br>    Defendants. | No. 2:21-cv-0813 DAD AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Currently before the court are plaintiff's motion for a temporary restraining order or preliminary injunction (ECF No. 67), motion for appointment of counsel (ECF No. 69), and request for entry of default against defendant Beeck (ECF No. 73).

I.  Motion for Temporary Restraining Order or Preliminary Injunction

Plaintiff filed a motion for an extension of time to respond to discovery requests from defendants Akhila, Ginwalla, and Miraflor. ECF No. 67. In support of this request, plaintiff stated that the prison mail room was refusing to process his mail to those defendants' attorneys, who are not employed by the California Attorney General's Office, unless he traded in his regular indigent envelopes. ECF No. 67. Plaintiff further requested a temporary restraining order or preliminary injunction directing the mailroom to process his legal mail to counsel for defendants Akhila, Ginwalla, and Miraflor. Id. The court then ordered counsel from the Attorney General's

Office, who represent other defendants, to respond to plaintiff's allegations regarding the refusal to process his mail. ECF No. 68. Defendants have now responded. ECF No. 70.

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

In this case, plaintiff is unable to establish irreparable harm. While defendants' response confirms that plaintiff was previously required to exchange his regular indigent envelopes in order to send mail out to counsel for defendants Akhila, Ginwalla, and Miraflor, the mailroom at the prison has confirmed that going forward, plaintiff will not be required to make such an exchange in order to mail documents to the non-Attorney General's Office counsel so long as he complies with the other requirements for submitting confidential mail. ECF No. 70 at 4. Because it appears that plaintiff is now receiving the relief he seeks, he cannot show irreparable harm and the motion for preliminary injunction is moot. Since plaintiff's difficulties in sending mail to non-Attorney General's Office counsel in this case should now be resolved, the motion for an extension of time will be granted and plaintiff shall have additional time to submit his discovery responses to those defendants, if he has not done so already.

II.     Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel. ECF No. 69. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that the case is complex, and that he is indigent, is having difficulty sending mail to non-Attorney General's Office counsel, and experiences delays in obtaining copies from the law library.  ECF No. 69 at 1, 7-8.  He also identifies a number of alleged deficiencies with the prison medical system and reiterates some of his allegations against defendants.  Id. at 2-6.  Plaintiff's indigence and the delays he experiences in obtaining copies are circumstances common to most prisoners and, as addressed above, his difficulties with sending legal mail appear to be resolved.  To the extent plaintiff claims the case is complex, he has not any complexity that warrants the appointment of counsel.  For these reasons, the motion for counsel will be denied.

### III.    Request for Entry of Default

Plaintiff requests an entry of default as to defendant Beeck.  ECF No. 73.  He asserts that she was served by the United States Marshal on May 8, 2024, but has yet to respond to the complaint.  Id.  As further explained below, defendant Beeck has not yet been served and the request for default will be denied.

On October 25, 2023, the court ordered service of the complaint on defendant Beeck[1] via the court's e-service program.  ECF No. 31.  However, process directed to defendant Beeck was returned unserved because Beeck had resigned from the California Department of Corrections and Rehabilitation (CDCR) and the CDCR had no contact information.  ECF No. 37.  Plaintiff

---

[1] Defendant Beeck was identified as Amelia "Beek" in the complaint.  ECF No. 29.  Her name was later updated to "Beck" based on the information contained in the CDCR Notice of E-Service Waiver.  ECF No. 38.  Defense counsel later provided information stating that defendant's name is "Amalia Beeck."  ECF No. 58.

was unable to obtain additional information for service and requested the court's assistance in locating Beeck.  ECF No. 45.  The court then directed counsel for defendants Ashe, Miller, Nelson, Singh, Ramos, and Wong[2] to conduct a good faith inquiry to identify a last known address for defendant Beeck.  ECF No. 52.  In response to that order, counsel provided a last known residential address and what they believed may be defendant's professional license number.  ECF No. 58.

On April 25, 2024, the court ordered the United States Marshal to serve the complaint on defendant Beeck using the information provided by defense counsel.  ECF No. 59.  Process directed to Beeck has now been returned unserved because the United States Marshal was unable to locate her.  ECF No. 72.  The process receipt states that service was attempted at the address provided and a resident confirmed that defendant was a previous resident in 2020 and "might live in Lodi."  Id.  A search of defendant in the registered nursing registry identified her current city as San Jose but provided no other information.

The court previously cautioned plaintiff that

> [i]n ordering defendants' counsel to assist the U.S. Marshal in locating defendant Beck, the court is not absolving plaintiff of his responsibility to continue attempting to locate this defendant.  If the U.S. Marshal remains unable to locate Beck for service and the court is satisfied with their attempts to locate Beck, it will be recommended that Beck be dismissed for failure to complete service.  [Penton v. Pool, 724 F. App'x 546, 551 (9th Cir. 2018)] ("If the district court is satisfied that the Marshals have fulfilled their obligation to search for a viable address where [defendant] can be served, then it would act within its discretion to dismiss the action against [defendant] under Rule 4(m).").  Plaintiff should therefore continue his efforts to locate defendant Beck and provide the court with any additional information he may discovery that would assist with the completion of service.

ECF No. 52 at 2.  The court is satisfied that the Marshals have fulfilled their obligation.  Plaintiff will be given an opportunity to provide any additional information he may have discovered regarding defendant Beeck's location that would assist in the completion of service.  In the event plaintiff is unable to provide any such additional information, the court will recommend dismissal

---

[2] These defendants are represented by the Attorney General's Office.

of defendant Beeck for failure to complete service.  See Fed. R. Civ. P. 4(m).

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to responds to discovery (ECF No. 67) is GRANTED and plaintiff shall have twenty-one days from the service of this order to serve his responses to discovery on counsel for defendants Akhila, Ginwalla, and Miraflor;

2. Plaintiff's motion for appointment of counsel (ECF No. 69) is DENIED;

3. Plaintiff's request for entry of default (ECF No. 73) is DENIED;

4. The Clerk of the Court is directed to send to plaintiff 1 USM-285 form, along with an instruction sheet; and

5. Within sixty days from the service of this order, plaintiff shall complete and submit the attached Notice of Submission of Documents to the court along with the completed USM-285 form containing any additional information he has regarding defendant Beeck's location.

IT IS FURTHER RECOMMENDED that plaintiff's motion for temporary restraining order or preliminary injunction (ECF No. 67) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 16, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KEITH ERNST,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVID FRANCES RAMOS, et al.,<br><br>　　　　Defendants. | No.  2:21-cv-0813 DAD AC P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　　Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

　　　__1__　　　completed USM-285 forms

DATED:

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

1