UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KEITH ERNST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID FRANCES RAMOS, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-0813 DAD AC P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, filed a motion for a temporary restraining order or preliminary injunction, in which he asserted that he was unable to send out mail to defendants Akhila, Ginwalla, and Miraflor's attorneys unless he traded in his regular indigent envelopes, because those attorneys are not employed by the California Attorney General's Office. ECF No. 67.  Counsel from the Attorney General's Office, who represents the other defendants, was ordered to respond to the allegations that the prison was refusing to process plaintiff's mail. ECF No. 68.  Defendants responded that the prison mailroom had confirmed that plaintiff would no longer be required to exchange his indigent envelopes in order to send out mail to counsel for defendants Akhila, Ginwalla, and Miraflor (ECF No. 70) and as a result, the undersigned recommended denying the motion for a temporary restraining order or preliminary injunction as moot (ECF No. 74).  Plaintiff has now filed objections in which he asserts that he is still being required to exchange indigent envelopes in order to send out mail to counsel for defendants

1

1  Akhila, Ginwalla, and Miraflor. ECF No. 75 at 1-4, 15-16. Counsel for defendants Ramos, Ashe,
2  Wong, Miller, Singh, and Nelson shall file a response to plaintiff's objections.
3      Plaintiff has also moved for the recusal of the undersigned. ECF No. 76. Said motion is
4  properly before the undersigned, as the Ninth Circuit has "held repeatedly that the challenged
5  judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance."
6  United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (citing United States v. Azhocar, 581
7  F.2d 735, 738 (9th Cir. 1978)). If the affidavit is legally insufficient, then recusal can be denied.
8  United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).
9      "Whenever a party to any proceeding in a district court makes and files a timely and
10 sufficient affidavit that the judge before whom the matter is pending has a personal bias or
11 prejudice either against him or in favor of any adverse party, such judge shall proceed no further
12 therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall
13 disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be
14 questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is
15 "whether a reasonable person with knowledge of all the facts would conclude that the judge's
16 impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v.
17 Leipziger, 729 F.2d 605, 607 (9th Cir. 1984)).
18     Plaintiff's motion argues that the undersigned should recuse herself based on the recent
19 rulings and recommendations issued on September 18, 2024 (ECF No. 74). ECF No. 76.
20 However, recusal "is required 'only if the bias or prejudice stems from an extrajudicial source and
21 not from conduct or rulings made during the course of the proceeding.'" Pau v. Yosemite Park &
22 Curry Co., 928 F.2d 880, 885 (9th Cir. 1991) (quoting Toth v. TransWorld Airlines, 862 F.2d
23 1381, 1388 (9th Cir. 1988)). The allegation that the undersigned is biased because of the denial
24 and recommended denial of plaintiff's motions fails to demonstrate the necessary bias.
25     Plaintiff's allegations of bias are legally insufficient to establish a reasonable question as
26 to the undersigned's impartiality or that a bias or prejudice exists. The request for recusal will
27 therefore be denied.
28 ////

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days of the service of this order, counsel for defendants Ramos, Ashe, Wong, Miller, Singh, and Nelson shall respond to plaintiff's objections to the recommendation that his motion for a temporary restraining order or preliminary injunction be denied.

2. Plaintiff's motion for recusal (ECF No. 76) is DENIED.

DATED: October 28, 2024

*Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE