UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KEITH ERNST,<br><br>        Plaintiff,<br><br>   v.<br><br>DAVID FRANCES RAMOS, et al.,<br><br>        Defendants. | No.  2:21-cv-0813 DAD AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

On October 25, 2023, the court ordered service of the complaint on defendant Beeck[1] via the court's e-service program.  ECF No. 31.  The attempt at service was unsuccessful, and after plaintiff requested assistance in locating Beeck, counsel for defendants Ashe, Miller, Nelson, Singh, Ramos, and Wong was ordered to make a good faith inquiry into defendant Beeck's last known address.  ECF Nos. 37, 45, 52.  Plaintiff was cautioned that he was not absolved of responsibility in continuing to attempt to locate Beeck, and that in the event the United States Marshal remained unable to locate Beeck for service, it would be recommended that she be dismissed.  ECF No. 52 at 2.

Defense counsel provided a last known address and what was believed to be defendant's professional license number.  ECF No. 58.  The court then ordered service on Beeck using the

---

[1] Defendant Beeck was identified as Amelia "Beek" in the complaint.  ECF No. 29.  Her name was later updated to "Beck" based on the information contained in the CDCR Notice of E-Service Waiver.  ECF No. 38.  Defense counsel later provided information stating that defendant's name is "Amalia Beeck."  ECF No. 58.

1

information provided, but process was returned unserved because defendant was unable to be located. ECF Nos. 59, 72. The process receipt reflects that the United States Marshal attempted service at the address provided and a resident confirmed that defendant was a previous resident in 2020 and "might live in Lodi." ECF No. 72. A search of defendant in the registered nursing registry identified her current city as San Jose but provided no other information. By order filed September 18, 2024, the court determined that the Marshals had fulfilled their obligation to attempt to locate defendant Beeck and directed plaintiff to provide any additional information he may discovered regarding her location. ECF No. 74. Plaintiff was cautioned that if he was unable to provide any additional information, it would be recommended that Beeck be dismissed for failure to complete service. Id.

Plaintiff then objected to the order, stating that he did not believe the United States Marshal had done their job properly because it should be easy to locate anyone who has a job in California. ECF No. 75 at 11-13. However, he has not provided any additional information regarding Beeck's location, and the time to do so has now expired. The court finds that plaintiff has failed to timely serve defendant or show good cause why defendant Beeck should not be dismissed. See Fed. R. Civ. P. 4(m) (when a defendant has not been served within ninety days after the complaint is filed the court must dismiss the action against that defendant unless plaintiff can show good cause for the failure).

Accordingly, IT IS HEREBY RECOMMENDED that defendant Beeck be dismissed from this action for failure to effect timely service. See Fed. R. Civ. P. 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 5, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE