1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SCOTT KEITH ERNST,                          No.  2:21-cv-0813 DAD AC P

12                        Plaintiff,

13         v.                                     ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
14   DAVID FRANCES RAMOS, et al.,

15                        Defendants.

16

17         Plaintiff a state prisoner proceeding pro se, has filed a motion for an extension of time to

18   respond to discovery requests and another motion for a temporary restraining order or preliminary

19   injunction.  ECF Nos. 82, 83.

20         Plaintiff requests an extension of time to respond to defendant Miraflor's requests for

21   discovery.  ECF No. 82.  In the motion, plaintiff states that on November 22, 2024, he received a

22   letter from Kathryne Baldwin, defendant Miraflor's attorney, asking about discovery requests she

23   sent on September 23, 2024.  Id. at 1.  However, plaintiff never received the requests, and the

24   letter from Baldwin was processed as regular mail instead of legal mail and did not have

25   plaintiff's correct address.  Id.  He asserts that the mailroom is continuing to harass him by

26   denying and delaying his mail and requests ninety days to "address this mailroom situation."  Id.

27   at 2-3.  The motion for an extension of time asks the court to reconsider his request for a

28   temporary restraining order or preliminary injunction, and is accompanied by another motion for

                                                  1

a temporary restraining order or preliminary injunction which seeks to enjoin mailroom staff from interfering with plaintiff's mail.  ECF No. 82 at 3; ECF No. 83.  Plaintiff's motion for an extension of time will be granted to the extent he will be given additional time to submit responses to defendant Miraflor's discovery requests if he has not done so already.[1]  The motion will otherwise be denied, and for the reasons set forth below, it will be recommended that the motion for a temporary restraining order and preliminary injunction be denied.

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Plaintiff's motions for an extension of time and for a temporary restraining order or preliminary injunction largely repeat the allegations of his prior motion for a temporary restraining order or preliminary injunction and his objections to the recommendation that that motion be denied.  Compare ECF Nos. 67, 75 with ECF Nos. 82, 83.  The only new allegation is plaintiff's assertion that he has experienced irreparable damage because the fact that he did not receive the discovery requests Baldwin sent means that they must have been delivered to some other inmate, putting his life in danger.  ECF No. 82 at 4; ECF No. 83 at 2, 9-10.  However, plaintiff's claim of irreparable damage is based solely on speculation, and he provides no evidence to show his mail was given to another inmate.  As the undersigned found in recommending denial of plaintiff's previous motion, the mailroom at the prison has confirmed that going forward, plaintiff will not be required to exchange indigent envelopes in order to mail documents to the non-Attorney General's Office counsel in this case as long as he complies with

---

[1]  Defendant Miraflor filed a motion to compel (ECF No. 80), which she has since withdrawn (ECF No. 85), indicating that plaintiff may have already served his responses.

the other requirements for submitting confidential mail.  ECF No. 74 at 2 (citing ECF No. 70 at 4).  Plaintiff has provided no evidence that he has complied with the requirement that he specifically identify the counsel that any additional envelopes are being requested for when he puts in his requests.  For these reasons, and those set forth in the September 18, 2024 findings in recommendations, which are adopted herein by reference, it will be recommended that the motion for a temporary restraining order or preliminary injunction be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an extension of time (ECF No. 82) is GRANTED in part.  The motion is granted to the extent plaintiff shall have thirty days from the service of this order to respond to defendant Miraflor's discovery requests, if he has not done so already.  The motion is otherwise DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining order or preliminary injunction (ECF No. 83) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 13, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE