UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KEITH ERNST,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID FRANCES RAMOS, et al.,<br><br>    Defendants. | No.  2:21-cv-00813-DAD-AC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION AND DISMISSING DEFENDANT BEECK FROM THIS ACTION DUE TO PLAINTIFF'S FAILURE TO SERVE DEFENDANT<br><br>(Doc. Nos. 67, 74, 81, 83, 88) |

Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action on May 5, 2021 (Doc. No. 1) seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 18, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for a temporary restraining order or preliminary injunction (Doc. No. 67) be denied.  (Doc. No. 74.)  Specifically, the magistrate judge concluded that plaintiff's motion for injunctive relief had been rendered moot because the mailroom at his institution of confinement had addressed the issue plaintiff had purportedly been experiencing in connection with mailing and receiving documents to and from defendants' counsel in this action.  (*Id.* at 2.)

1

1         On December 6, 2024, the magistrate judge issued findings and recommendations

2  recommending that defendant Beeck be dismissed from this action due to plaintiff's failure to

3  serve defendant Beeck within the time provided under Rule 4(m) of the Federal Rules of Civil

4  Procedure and not establishing good cause for his failure to do so.  (Doc. No. 81 at 2.)

5         Finally, on January 14, 2025, the magistrate judge issued findings and recommendations

6  recommending that plaintiff's renewed motion for a temporary restraining order or preliminary

7  injunction (Doc. No. 83) be denied.  (Doc. No. 88.)  Specifically, in those findings and

8  recommendations the magistrate judge concluded that plaintiff's renewed motion in large part

9  merely repeated his earlier allegations regarding difficulty with mail to and from defense counsel

10 in this action and added only a conclusory and speculative assertion that this issue had somehow

11 placed his life in  danger.  (*Id*. at 2.)  The magistrate judge noted that plaintiff's unsupported

12 claim failed to establish irreparable injury and plaintiff had provided no evidence that he had

13 complied with the requirement set forth in the applicable prison regulations that he specifically

14 identify the defense counsel for which he was requesting additional envelopes.  (*Id*. at 2–3.)

15        Each of the pending findings and recommendations was served on the parties and

16 contained notice that any objections thereto were to be filed within fourteen (14) days (Doc. No.

17 74 at 5) or twenty-one (21) days (Doc. Nos. 81 at 2; 88 at 3) after service.

18        On October 3, 2024, the court received plaintiff's timely objections to the September 18,

19 2024 findings and recommendations.  (Doc. No. 75.)  On November 18, 2024, defendants filed a

20 response to those objections after being ordered to do so by the magistrate judge.  (Doc. Nos. 77,

21 78.)  To date, neither party has filed objections to the findings and recommendations issued on

22 December 6, 2024 and January 14, 2025, and the time in which to do so has now passed.

23        In his lengthy and difficult to decipher objections to the September 18, 2024 findings and

24 recommendations, petitioner suggests that his first motion for injunctive relief had not been

25 rendered moot.  (Doc. No. 75. at 1–7, 13.)  Defendants' response to those objections set forth in

26 considerable detail the facts establishing that so long as plaintiff followed the applicable prison

27 regulations, his ability to send and receive mail with defendants' counsel in this action has

28 remained unfettered.  (Doc. Nos. 78, 78-1.)  Finally, the court notes that plaintiff purportedly

2

served his renewed motion for injunctive relief by mail upon all defense counsel on November 26, 2024 (Doc. No. 83 at 89), thus providing further support for the denial of his motions for injunctive relief in this regard.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections to the September 18, 2024 findings and recommendations and defendants' response thereto, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on September 18, 2024 (Doc. No. 74), and January 14, 2025 (Doc. No. 88), are adopted in full;

2. Plaintiff's motions for a temporary restraining order or preliminary injunction (Doc. Nos. 67, 83) are denied;

3. The findings and recommendations filed on December 6, 2024 (Doc. No. 81), are adopted in full;

4. Defendant Beeck is dismissed from this action due to plaintiff's failure to effect timely service. *See* Fed. R. Civ. P. 4(m); and

5. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **February 18, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3