UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KEITH ERNST, | No. 2:21-cv-00813-DAD-AC (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF, TEMPORARY RESTRAINING ORDERS, AND SANCTIONS |
| DAVID FRANCES RAMOS, et al., | |
| Defendants. | (Doc. Nos. 101, 102, 103, 112, 127, 128) |

Plaintiff Scott Keith Ernst is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Over the last several months, plaintiff has filed numerous motions for temporary restraining orders or preliminary injunctions related to the processing of his legal mail and his medical treatment. (Doc. Nos. 101, 102, 127, 128.) He has also filed motions for sanctions related to his legal mail. (Doc. Nos. 103, 112)

Prior to these more recent motions plaintiff had also filed motions for a temporary restraining order or preliminary injunction in which he alleged that the mail room at his institution of confinement was tampering with his legal mail and refusing to process his mail for delivery to attorneys for defendants Akhila, Ginwalla, and Miraflor[1] as legal mail. (Doc. Nos. 67, 83.) Both of those motions were denied. (Doc. No. 94.) Plaintiff has now filed two additional motions for

_____

[1] These defendants are not represented by the California Attorney General's Office.

1

a temporary restraining order or preliminary injunction related to his legal mail, as well as two motions for sanctions.  (Doc. Nos. 101, 103, 112, 128.)  The first of his motions for a temporary restraining order or preliminary injunction, as well as the motions for sanctions, largely reiterate the same allegations, based on the same incidents and documentary evidence, as the previously denied motions.  (*Compare* Doc. Nos. 101, 103, 112 *with* Doc. Nos. 67, 83.)

These allegations have already been addressed by the court and the motions and the instant motions will therefore be denied on the same grounds.  (*See* Doc. No. 74 at 1–2 (findings and recommendations); Doc. No. 88 (findings and recommendations); Doc. No. 94 (order adopting those findings and recommendations)).  To the extent plaintiff appears to allege that there have been additional instances of his mail being improperly handled on January 22 and March 12, 2025 (Doc. No. 103 at 36–39; Doc. No. 112 at 1), it is unclear whether plaintiff complied with all other requirements for submitting legal mail in those instances.  Moreover, even if his mail was not properly processed on those two dates, he has not provided evidence that these were more than isolated incidents or that he has suffered any irreparable harm as a result.  Plaintiff does not identify what he was trying to mail on January 22, 2025, and he states he was trying to mail his responses to defendants' motions for summary judgment on March 12, 2025.  (Doc. No. 103 at 36–39; Doc. No. 112 at 1.)  This court has twice advised plaintiff that he is not required to serve defendants' attorneys with paper copies of the documents he files with the court because the attorneys will receive electronic copies from the court upon the filing of those documents.  (Doc. No. 63 at 6; Doc. No. 109 at 2.)

Plaintiff's second motion for a preliminary injunction related to the handling of his mail (Doc. No. 128) will also be denied.  The motion relates to plaintiff's attempts to send mail to attorneys who are unrelated to this action.  Moreover, plaintiff's complaints appear to be based on his misunderstanding of the state bar records provided to him by prison staff.  Plaintiff appears to believe that the addresses given to him by prison staff are from 1999 and 2008.  (*Id.* at 19.)

/////

/////

/////

2

However, those dates are the dates the attorneys were admitted to the California bar, not the dates their addresses were updated.[2] (*Id.* at 24, 26.)

Plaintiff's motions for a preliminary injunction related to his medical care (Doc. Nos. 102, 127) will also be denied. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The Ninth Circuit has also held:

> that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." *De Beers Consol. Mines [v. United States]*, 325 U.S. [212,] 220, 65 S. Ct. 1130 [(1945)]. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). In this case, neither motion for a preliminary injunction indicates that plaintiff is likely to suffer irreparable harm in the absence of preliminary relief. Nor has plaintiff shown that there is a sufficient relationship between the relief sought and the conduct underlying this action. The first motion seeks an injunction requiring that outside medical appointments be recorded, that prisoners be provided same-day reports from appointments to ensure they are properly recorded, and that some kind of oversight for medical abuse and neglect be established. (Doc. No. 102 at 1–2.) Plaintiff alleges that the lack of these procedures contributed to the deficient medical care he purportedly received between 2019 and 2022, but he does not identify any current, ongoing, or future harm he is likely to suffer or explain how that harm relates to the named defendants or their past conduct. Instead, plaintiff merely alleges that patients will suffer a generalized harm if their /////

---

[2] The addresses plaintiff was provided by prison staff are the current addresses listed for the attorneys in question on the state bar's website.

3

medical encounters are not properly recorded and that the requested relief will prevent perjury and save money. (*Id.* at 11, 14.)

Plaintiff's second motion for a preliminary injunction alleges that on February 1, 2026, he was advised by a nurse that the California Department of Corrections would no longer provide wipes, which he appears to assert are necessary to address ongoing problems caused by defendants' deficient treatment. (Doc. No. 127.) However, plaintiff does not identify how the defendants named in this action are related to the purported decision not to provide him wipes, and any prospective injury he alleges appears to be based upon his condition in 2020, rather than his current medical condition. (*Id.*)

For the reasons explained above,

1.      Plaintiff's motions for a temporary restraining order or preliminary injunction related to the processing of his legal mail (Doc. Nos. 101, 128) are DENIED;

2.      Plaintiff's motions for sanctions (Doc. Nos. 103, 112) are DENIED;

3.      Plaintiff's motions for a preliminary injunction related to his medical care (Doc. Nos. 102, 127) are DENIED; and

4.      This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **March 28, 2026**
_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4